**Matthew A. Goldberg, OSB #052655**
matt@goldberglawnw.com
**Allison C. Bizzano, OSB #052014**
allison@goldberglawnw.com
Goldberg Law NW, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
Telephone: (503) 664-3039
Fax:  (503) 406-2264

    Attorneys for Rodolfo A. Camacho, Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>John T. Dunbar,<br><br>       Debtor.<br>_____<br><br>RODOLFO A. CAMACHO, in his capacity as the duly appointed Chapter 7 Trustee of John T. Dunbar,<br><br>       Plaintiff<br><br>v.<br><br>MARK ADAM TAYLOR<br>aka MARK TAYLOR and MARK EHL,<br><br>       Defendants. | Case No. 14-33607-tmb7<br><br>Adv. No. _____<br><br>**COMPLAINT FOR AVOIDANCE OF CERTAIN TRANSFERS AND RECOVERY OF MONEY OR PROPERTY** |

COMES NOW, Rodolfo A. Camacho, Chapter 7 Trustee ("Trustee") of the bankruptcy

estate of John T. Dunbar ("Debtor"), and files this adversary proceeding and alleges as follows:

///

1 – COMPLAINT FOR AVOIDANCE
OF CERTAIN TRANSFERS AND RECOVERY
OF MONEY OR PROPERTY

## JURISDICTION AND VENUE

1.      This is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  The matter in controversy arises under 11 U.S.C. §§ 544, 548, 549 and 550.  Venue is proper pursuant to 28 U.S.C. § 1409.

2.      Plaintiff is the duly appointed Chapter 7 Trustee for the bankruptcy estate herein.

3.      Defendant Mark Adam Taylor ("Taylor") is a resident of the State of Oregon.

4.      Defendant Mark Ehl ("Ehl") is a resident of the State of Oregon.

## FACTUAL BACKGROUND

5.      This bankruptcy case was filed on June 20, 2014.

6.      Prior to the filing of the bankruptcy case, Debtor orchestrated the purchase of real property located at 10925 SE Tyler Road, Happy Valley, OR 97086 (the "Property").

7.      Debtor arranged to have title to the Property vested in a third-party nominee, Taylor, who offered no consideration toward the purchase of the Property ("Prepetition Transfer"). Not only did Taylor not offer any consideration toward the purchase of the Property, he was paid $10,000 for serving as Debtor's nominee in the transaction.

8.      Debtor's intention was that Debtor himself would be the beneficial owner of the Property. In an email to realtor Peter Jameson, dated October 10, 2012 (the "October 10 Email"), Debtor stated, "My intent is to end up with the property and leave myself exposed as minimally as possible." Debtor went on to outline his plan for protecting his interest in the Property, including Debtor receiving a deed of trust to "secure my position." A true and correct copy of the October 10 Email is attached hereto as Exhibit A and is incorporated herein by this reference.

GOLDBERG LAW NW, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
(503) 664-3039

9.      On October 11, 2012, a trust deed executed by Taylor was recorded in the real property records of Clackamas County, Oregon, granting Debtor a security interest in the Property (the "Trust Deed"). The Trust Deed was executed to secure Taylor's performance pursuant to a promissory note executed by Debtor and Taylor that same day. The Trust Deed was recorded as Instrument No. 2012-066674. True and correct copies of the Promissory Note and Trust Deed are attached hereto as Exhibit B and are incorporated herein by this reference.

10.     On June 23, 2014, following the filing of the bankruptcy case, a Statutory Bargain and Sale Deed ("Postpetition Deed") was recorded in the records of Clackamas County, Oregon as Instrument No. 2014-030142, purporting to transfer title to the Property from Taylor to Ehl. A true and correct copy of the Postpetition Deed is attached hereto as Exhibit C and is incorporated herein by this reference.

## FIRST CLAIM FOR RELIEF
### (Fraudulent Transfer—11 U.S.C. §§ 544(b)(1), ORS § 95.200 *et seq.*—Against Defendant Taylor)

11.     Plaintiff realleges paragraphs 1 through 10.

12.     Under Section 544(b)(1) of the Bankruptcy Code, the Trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under ORS Ch. 95.

13.     The Prepetition Transfer is voidable under ORS Ch. 95 because it was made with actual intent to hinder, delay, or defraud Debtor's creditors. Debtor should have been the grantee of the Prepetition Transfer; Defendant Taylor was merely Debtor's nominee.

## SECOND CLAIM FOR RELIEF
### (Fraudulent Transfer—11 U.S.C. § 548—Against Defendant Taylor)

14.     Plaintiff realleges paragraphs 1-10.

GOLDBERG LAW NW, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
(503) 664-3039

15.    Under Section 548(a)(1) of the Bankruptcy Code, the Trustee may avoid transfers made with "actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted."

16.    The Prepetition Transfer is voidable under Section 548(a)(1) because it was made with actual intent to hinder, delay or defraud Debtor's creditors. Debtor should have been the grantee of the Prepetition Transfer; Defendant Taylor was merely Debtor's nominee.

### THIRD CLAIM FOR RELIEF
### (Postpetiton Transfer—11 U.S.C. § 549—Against Defendant Ehl)

17.    Plaintiff realleges paragraphs 1-10.

18.    Under Section 549(a) of the Bankruptcy Code, the Trustee may avoid postpetition transfers of property of the estate if such transfers are not authorized by the Bankruptcy Code or the Court.

19.    The Postpetition Deed, which was recorded after the filing of the bankruptcy case, is voidable under Section 549(a) because it was not authorized by the Bankruptcy Code or the Court.

### FOURTH CLAIM FOR RELIEF
### (Recovery of money or property—11 U.S.C. § 550(a) —Against Both Defendants)

20.    Plaintiff realleges paragraphs 1-10.

21.    Under Section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover either the Property or the value of the Property for the benefit of the bankruptcy estate.

///

///

///

GOLDBERG LAW NW, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
(503) 664-3039

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.      Avoiding the Prepetition Transfer such that Debtor becomes the true grantee and Defendant Taylor is adjudged a mere nominee for Debtor;

2.      Avoiding the Postpetition Deed;

3.      That the Property should be deeded by Defendant Taylor to the Trustee, or that the Property be sold by Trustee with the net proceeds (less cost of sale) becoming property of the bankruptcy estate;

4.      Awarding Plaintiff's costs and disbursements; and

5.      Granting all other relief that is just and equitable.

        DATED this 22nd day of January 2015.


                            GOLDBERG LAW NW, LLC


                            /s/ Matthew A. Goldberg
                            Matthew A. Goldberg, OSB No. 052655
                            matt@goldberglawnw.com
                            Allison C. Bizzano, OSB No. 052014
                            allison@goldberglawnw.com
                            Attorneys for Trustee, Rodolfo A. Camacho

5 – COMPLAINT FOR AVOIDANCE
OF CERTAIN TRANSFERS AND RECOVERY
OF MONEY OR PROPERTY

GOLDBERG LAW NW, LLC
4800 Meadows Road, Suite 300
Lake Oswego, OR 97035
(503) 664-3039



John Dunbar <johntdunbar@gmail.com>

---

## 10925 SE Tyler Road

7 messages

---

**John Dunbar** <johntdunbar@gmail.com>                           Wed, Oct 10, 2012 at 5:28 AM
To: Peter Jameson <peter@fhrealty.net>

Good Morning,

Oh Captain my Captain….we both know you can't leave while I have these type deals……I would like to purchase a house which Bank of America has agreed to sell to Mark Taylor.  Although we are funding this project I understand Mark Taylor is required to be in possession of title for 30 days.  My intent is to end up with the property and leave myself exposed as minimally as possible….we both know that no one wants to see me exposed ☺ The following are the steps I hope to take (but these are just my thoughts)

- Purchase property for $470k

    o 440k owed to bank

    o 10k to Mark Taylor for assigning property over

    o 5k to Chris Lobe (the guy who owned the property & this was part of the deal I inherited)

    o 15k to PJ Development for cash reserves

- Mark Taylor would secure my position by signing prior to funding

    o Trust Deed or standard deed

    o Promissory Note

    o A letter stating intent and what has occurred

    o Rental Agreement so I am the tenant effective immediately

- Day 31 we go into title and do a quick deed transfer (I think that's what it is called) with

    o Documents above

    o He said at initial closing he would give us the deed as well

    o Whatever else you tell me

- This property has been approved (paperwork submitted & approved but application expired) for three tax lots so was going to separate those out as soon as possible. Assuming I can't separate those out within the first 30 days.

- If we wire the money to WFG are we able to put some restriction where the funds won't be released until final authorization?  Three funding sources and I while I need to start sending the money I don't want it released until we ensure everything is secure…..please let me know as soon as possible.

As always, sorry I can't live a normal life…good news is for putting this I have the option to lease this property

# PROMISSORY NOTE

$472,388.38                                    Date: _October 11 2012_

FOR VALUE RECEIVED, I/we promise to pay to the order of  John T. Dunbar, at 19413 SW Winslow, Beaverton, OR  97007 (or such other address as provided in writing), the sum of Four Hundred Seventy Two Thousand Three Hundred Eighty Eight and 38/100 Dollars(U.S. $472,388.38) with interest at the rate of Six Percent (6.00%) per annum from the above date until paid, in monthly installments of not less than $2,787.91, including interest; the first payment is to be made on the 1st day of December, 2012, and a like payment on the same day of every month thereafter, until the whole sum, principal and interest, has been paid.

All unpaid principal and all accrued but unpaid interest shall be paid in full on (or before) November 1, 2042.

This obligation is secured by a deed of trust of even date herewith and is subject to all of its terms and conditions.

If any installment is not paid within ten (10) days of the date set for payment, the holder may assess a late charge equal to five percent (5.00%) of the amount of the late installment.  Said late charge shall be paid on demand, and the holder reserves the right to refuse any late payment unless accompanied by such late charge, or to add such late charge to the principal balance of the note.

If this note is placed in the hands of an attorney or a collection company for collection, I/we agree to pay the reasonable fees and expenses of such attorney or collection company even though no suit or action is instituted or no sale of the property has been directed under the terms of the trust deed securing this obligation.  Such fees and costs may, at the option of the holder, be added to the principal balance of this note.

Time is of the essence of this note and if any installment is not paid on or before its due date, the whole sum of principal and interest shall become immediately due and collectible at the option of the holder of this note.  In case suit or action is instituted to collect this note, I/we promise to pay such additional sums as the trial court may adjudge reasonable as costs and attorney's fees in said suit or action or on any appeal therefrom.

Each and all persons liable, either now or in the future, for the payment of this note waive presentment, demand for payment and notice of nonpayment.

Failure to exercise any option to declare a default or accelerate the balance due shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.  Modification of the terms of payment of this note made at the request of any person liable shall not impair their liability or the liability of any other person obligated under its terms.

Anything contained in this note or deed of trust securing this note to the contrary notwithstanding, any part of this note may be prepaid with or without the prior written consent of the holder.


_____
Mark Taylor

| Clackamas County Official Records | **2012-066674** |
|---|---|
| Sherry Hall, County Clerk | 10/11/2012 03:19:03 PM |
| M-TD          Cnt=1 Stn=25 LESLIEFLY | |
| $20.00 $16.00 $10.00 $20.00 $17.00 | **$83.00** |

**After recording return to:**
John T. Dunbar
Cкc WFG National Title

WFG Title 120-02199-40

**GRANTOR/TRUSTOR:**
Mark Taylor

**TRUSTEE:**
WFG National Title Insurance Company

**GRANTEE/BENEFICIARY:**
John T. Dunbar

## TRUST DEED

THIS TRUST DEED ("Security Instrument") is made on this 11 day of October, 2012, between Mark Taylor, as Grantor, WFG National Title Insurance Company, as Trustee, and John T. Dunbar, as Beneficiary.

## WITNESSETH

Grantor irrevocably grants, bargains, sells and conveys to trustee in trust, with power of sale, the property located in Clackamas County, Oregon, described as:

**Parcel 1, PARTITION PLAT NO. 1993-86, in the City of Happy Valley, County of Clackamas and State of Oregon. TOGETHER WITH that 20.00 foot wide ingress and egress easement delineated on said partition plat.**

together with all the singular tenements, hereditaments and appurtenances and all other rights, thereunto belonging or in anywise now or hereafter appertaining, and the rents, issues and profits thereof and all fixtures now or hereafter attached to or used in connection with the property.

The grantor represents, warrants, and covenants that the grantor is lawfully seized in fee simple title of the within described property and that this security instrument creates a valid, unencumbered title thereto, except for covenants, conditions, restrictions, and easements currently of record.

FOR THE PURPOSE OF SECURING PERFORMANCE of each agreement of grantor herein contained and payment of the sum of **Four Hundred Seventy Two Thousand Three Hundred Eighty Eight and 38/100 Dollars (U.S. $472,388.38)** with interest thereon, according to the terms of a promissory note of even date herewith, payable to the beneficiary or order and made payable by grantor, the final payment of principal and interest hereof, if not sooner paid, to be due and payable **November 1, 2042.**

The date of maturity of the debt secured by this instrument is the date, stated above, on which the final installment of said note becomes due and payable. In the event the within described property, or any part thereof, or any interest therein is sold, agreed to be sold, conveyed, assigned, or alienated by the grantor without first having obtained written consent or approval of the beneficiary, then, at beneficiary's option, all obligations secured by this instrument, irrespective of the maturity dates expressed therein or herein, shall become immediately due and payable. Said consent shall not be unreasonably withheld.

**To protect the security of this trust deed, grantor agrees:**
1. To protect, preserve and maintain said property in good condition and repair; not to remove or demolish any building or improvement thereon; not to commit or permit any waste of said property.
2. To complete or restore promptly and in good workmanlike manner any building or improvement which may be constructed, damaged or destroyed thereon, and pay when due all costs incurred therefore.
3. To comply with all laws, ordinances, regulations, covenants, conditions and restrictions affecting the property; if the beneficiary so requests, to join in executing such financing statements pursuant to the Uniform Commercial Code as the beneficiary may require and to pay for filing same in the proper public office or offices, as well as the cost of all lien searches made by filing officers or searching agencies as may be deemed desirable by the beneficiary.
4. To provide and continuously maintain insurance on the buildings now or hereafter erected on said premises against loss or damage by fire and such other hazards as the beneficiary may from time to time require, in an amount not less than the full insurable value, written by companies acceptable to beneficiary, with loss payable to the latter; all policies of insurance shall be delivered to the beneficiary as soon as insured; if grantor shall fail for any reason to procure any such insurance and to deliver said policies to the beneficiary at least fifteen days prior to the expiration of any policy of insurance now or hereafter placed on said buildings, the beneficiary may procure same at grantor's expense. The amount collected under any fire or other insurance policy may be applied by beneficiary upon any indebtedness secured hereby and in such order as beneficiary may determine, or at option of beneficiary the entire amount so collected, or any part thereof, may be released to grantor. Such application or release shall not cure or waive any default or notice hereunder or invalidate any act done pursuant to such notice.

---

NOTE: The Deed Trust Act provides that the Trustee hereunder must be either an attorney, who is an active member of the Oregon State Bar, a bank, trust company, or savings and loan association authorized to do business under the laws of Oregon or the United States, a title insurance company authorized to insure title to real property of this state, its subsidiaries, affiliates, agents or branches, the United States or any agency thereof, or an escrow agent licensed under ORS 696.505 to 696.585.

OR Trust Deed-Aceration Clause

EXHIBIT B

After recording return to:
John T. Dunbar

.

.

**GRANTOR/TRUSTOR:**
Mark Taylor

**TRUSTEE:**
WFG National Title Insurance Company

**GRANTEE/BENEFICIARY:**
John T. Dunbar

## TRUST DEED

THIS TRUST DEED ("Security Instrument") is made on this ⎵⎵ day of October, 2012, between Mark Taylor, as Grantor, WFG National Title Insurance Company, as Trustee, and John T. Dunbar, as Beneficiary.

## WITNESSETH

Grantor irrevocably grants, bargains, sells and conveys to trustee in trust, with power of sale, the property located in Clackamas County, Oregon, described as:

**Parcel 1, PARTITION PLAT NO. 1993-86, in the City of Happy Valley, County of Clackamas and State of Oregon. TOGETHER WITH that 20.00 foot wide ingress and egress easement delineated on said partition plat.**

together with all the singular tenements, hereditaments and appurtenances and all other rights, thereunto belonging or in anywise now or hereafter appertaining, and the rents, issues and profits thereof and all fixtures now or hereafter attached to or used in connection with the property.

The grantor represents, warrants, and covenants that the grantor is lawfully seized in fee simple title of the within described property and that this security instrument creates a valid, unencumbered title thereto, except for covenants, conditions, restrictions, and easements currently of record.

FOR THE PURPOSE OF SECURING PERFORMANCE of each agreement of grantor herein contained and payment of the sum of **Four Hundred Seventy Two Thousand Three Hundred Eighty Eight and 38/100 Dollars (U.S. $472,388.38)** with interest thereon, according to the terms of a promissory note of even date herewith, payable to the beneficiary or order and made payable by grantor, the final payment of principal and interest hereof, if not sooner paid, to be due and payable **November 1, 2042.**

The date of maturity of the debt secured by this instrument is the date, stated above, on which the final installment of said note becomes due and payable. In the event the within described property, or any part thereof, or any interest therein is sold, agreed to be sold, conveyed, assigned, or alienated by the grantor without first having obtained written consent or approval of the beneficiary; then, at beneficiary's option, all obligations secured by this instrument, irrespective of the maturity dates expressed therein or herein, shall become immediately due and payable. Said consent shall not be unreasonably withheld.

**To protect the security of this trust deed, grantor agrees:**
1. To protect, preserve and maintain said property in good condition and repair; not to remove or demolish any building or improvement thereon; not to commit or permit any waste of said property.
2. To complete or restore promptly and in good workmanlike manner any building or improvement which may be constructed, damaged or destroyed thereon, and pay when due all costs incurred therefore.
3. To comply with all laws, ordinances, regulations, covenants, conditions and restrictions affecting the property; if the beneficiary so requests, to join in executing such financing statements pursuant to the Uniform Commercial Code as the beneficiary may require and to pay for filing same in the proper public office or offices, as well as the cost of all lien searches made by filing officers or searching agencies as may be deemed desirable by the beneficiary.
4. To provide and continuously maintain insurance on the buildings now or hereafter erected on said premises against loss or damage by fire and such other hazards as the beneficiary may from time to time require, in an amount not less than the full insurable value, written by companies acceptable to beneficiary, with loss payable to the latter; all policies of insurance shall be delivered to the beneficiary as soon as insured; if grantor shall fail for any reason to procure any such insurance and to deliver said policies to the beneficiary at least fifteen days prior to the expiration of any policy of insurance now or hereafter placed on said buildings, the beneficiary may procure same at grantor's expense. The amount collected under any fire or other insurance policy may be applied by beneficiary upon any indebtedness secured hereby and in such order as beneficiary may determine, or at option of beneficiary the entire amount so collected, or any part thereof, may be released to grantor. Such application or release shall not cure or waive any default or notice hereunder or invalidate any act done pursuant to such notice.

---

NOTE: The Deed Trust Act provides that the Trustee hereunder must be either an attorney, who is an active member of the Oregon State Bar, a bank, trust company, or savings and loan association authorized to do business under the laws of Oregon or the United States, a title insurance company authorized to insure title to real property of this state, its subsidiaries, affiliates, agents or branches, the United States or any agency thereof, or an escrow agent licensed under ORS 696.505 to 696.585.

OR Trust Deed-Acceration Clause

5. To keep said premises free from construction liens and to pay all taxes, assessments and other charges that may be levied or assessed upon or against said property before any part of such taxes, assessments and other charges become past due or delinquent and promptly deliver receipts therefore to the beneficiary; should grantor fail to make payment of any taxes, assessments, insurance premiums, liens or other charges payable by grantor, either by direct payment or by providing beneficiary with funds with which to make such payment, beneficiary may, at its option, make payment thereof, and the amount so paid, with interest at the rate set forth in the note secured hereby, together with obligations described in paragraphs 6 and 7 of this trust deed, shall be added to and become a part of the debt secured by this trust deed, without waiver of any rights arising from breach of any of the covenants hereof and for such payments, with interest as aforesaid, the property hereinbefore described, as well as the grantor, shall be bound to the same extent that they are bound for the payment of the obligation herein described, and all such payments shall be immediately due and payable without notice, and the nonpayment thereof shall, at the option of the beneficiary, render all sums secured by this trust deed immediately due and payable and constitute a breach of this trust deed.
6. To pay all costs, fees and expenses of this trust deed including the cost of title search as well as the other costs and expenses of the trustee incurred in connection with or in enforcing this obligation and trustee's and attorney's fees actually incurred.
7. To appear in and defend any action or proceeding purporting to affect the security rights or powers of beneficiary or trustee; and in any suit, action or proceeding in which the beneficiary or trustee may appear, including any suit for the foreclosure of this deed, to pay all costs and expenses, including evidence of title and the beneficiary's or trustee's attorney's fees; the amount of attorney's fees mentioned in this paragraph 7 in all cases shall be fixed by the trial court and in the event of an appeal from any judgment or decrees of the trial court, grantor further agrees to pay such sum as the appellate court shall adjudge reasonable as beneficiary's or trustee's attorney's fees on such appeal.

**It is mutually agreed that:**
8. In the event that any portion or all of said property shall be taken under the right of eminent domain or condemnation, beneficiary shall have the right, if it so elects, to require that all or any portion of the monies payable as compensation for such taking, which are in excess of the amount required to pay all reasonable costs, expenses and attorney's fees necessarily paid or incurred by grantor in such proceedings, shall be paid to beneficiary and applied by it first upon any such reasonable costs and expenses and attorney's fees, both in the trial and appellate courts, necessarily paid or incurred by beneficiary in such proceedings, and the balance applied upon the indebtedness secured hereby; and grantor agrees, at its own expense, to take such actions and execute such instruments as shall be necessary in obtaining such compensation, promptly upon beneficiary's request.
9. At any time and from time to time upon written request of beneficiary, payment of its fees and presentation of this deed and the note for endorsement (in case of full reconveyances, for cancellation), without affecting the liability of any person for the payment of the indebtedness, trustee may (a) consent to the making of any map or plat of said property; (b) join in granting any easement or creating any restriction thereon; (c) join in any subordination or other agreement affecting this deed or lien or charge thereof; (d) reconvey, without warranty, all or any part of the property. The grantee in any reconveyance may be described as the "person or persons legally entitled thereto," and the recitals therein of any matters or facts be conclusive proof of the truthfulness thereof. Trustee's fees for any of the services mentioned in this paragraph shall be not less than $5.
10. Upon any default by grantor hereunder, beneficiary may at any time without notice, either in person, by agent or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in its own name sue or otherwise collect the rents, issues and profits including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees upon any indebtedness secured hereby, and in such order as beneficiary may determine.
11. The entering upon and taking possession of said property, the collection of such rents, issues and profits, or the proceeds of fire and other insurance policies or compensation or awards for taking or damage of the property, and the application or release thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.
12. Upon default by grantor in payment of any indebtedness secured hereby or in his performance of any agreement hereunder, time being of the essence with respect to such payment and/or performance, the beneficiary may declare all sums secured hereby immediately due and payable. In such an event the beneficiary at his election may proceed to foreclose this trust deed in equity as a mortgage or direct the trustee to foreclose this deed by advertisement and sale, or may direct the trustee to pursue any other right or remedy, either at law or in equity, which the beneficiary may have. In the event the beneficiary elects to foreclose by advertisement and sale, the beneficiary or the trustee shall execute and cause to be recorded his written notice of default and his election to sell the said described real property to satisfy the obligation secured hereby whereupon the trustee shall fix the time and place of sale, give notice thereof as then required by law and proceed to foreclose this trust deed in the manner provided in ORS 86.735 to 86.795.
13. After the trustee has commenced foreclosure by advertisement and sale, and at any time prior to 5 days before the date the trustee conducts the sale, the grantor or any other person so privileged by ORS 86.753, may cure the default or defaults. If the default consists of a failure to pay, when due, sums secured by the trust deed, the default may be cured by paying the entire amount due at time of the cure other than such portion as would not then be due had no default occurred. Any other default that is capable of being cured may be cured by tendering the performance required under the obligation or trust deed. In any case, in addition to curing the default or defaults, the person effecting the cure shall pay to the beneficiary all costs and expenses actually incurred in enforcing the obligation of the trust deed together with trustee's and attorney fees not exceeding the amounts provided by law.
14. Otherwise, the sale shall be held on the date and at the time and place designated in the notice of sale or the time to which said sale may be postponed as provided by law. The trustee may sell said property either in one parcel or in separate parcels and shall sell the parcel or parcels at auction to the highest bidder for cash, payable at the time of sale. Trustee shall deliver to the purchaser its deed in form as required by law conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in the deed of any matters of fact shall be conclusive proof of the truthfulness thereof. Any person, excluding the trustee, but including the grantor and beneficiary, may purchase at the sale.

OR Trust Deed-Acceleration Clause

15. When trustee sells pursuant to the powers provided herein, trustee shall apply the proceeds of sale to payment of (1) the expenses of sale, including the compensation of the trustee and a reasonable charge by trustee's attorney, (2) to the obligation secured by the trust deed, (3) to all persons having recorded liens subsequent to the interest of the trustee in the trust deed as their interests may appear in the order of their priority and (4) the surplus, if any, to the grantor or to his successor in interest entitled to such surplus.

16. Beneficiary may from time to time appoint a successor to any trustee named herein or to any successor trustee appointed hereunder. Upon such appointment, and without conveyance to the successor trustee, the latter shall be vested with all title, powers and duties conferred upon any trustee herein named or appointed hereunder. Each such appointment and substitution shall be made by written instrument executed by beneficiary, which, when recorded in the mortgage records of the county or counties in which the property is situated, shall be conclusive proof of proper appointment of the successor Trustee.

17. Trustee accepts this trust when this deed, duly executed and acknowledged is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other deed of trust or of any action or proceeding in which grantor, beneficiary or trustee shall be a party unless such action or proceeding is brought by trustee. The grantor covenants and agrees to and with the beneficiary and the beneficiary's successor in interest that the grantor will warranty and forever defend the same against all persons whomsoever.

**WARNING: Unless grantor provides beneficiary with evidence of insurance coverage as required by the contract or loan agreement between them, beneficiary may purchase insurance at grantor's expense to protect beneficiary's interest. This insurance may, but need not, also protect grantor's interest. If the collateral becomes damaged, the coverage purchased by beneficiary may not pay any claim made by or against grantor. Grantor may later cancel the coverage by providing evidence that grantor has obtained property coverage elsewhere. Grantor is responsible for the cost of any insurance coverage purchased by beneficiary, which cost may be added to grantor's contract or loan balance. If it is so added, the interest rate on the underlying contract or loan will apply to it. The effective date of coverage may be the date grantor's prior coverage lapsed or the date grantor failed to provide proof of coverage. The coverage beneficiary purchases may be considerably more expensive than insurance grantor might otherwise obtain alone and may not satisfy any need for property damage coverage or any mandatory liability insurance requirements imposed by applicable law.**

(NOTICE: LINE OUT THE WARRANTY THAT DOES NOT APPLY)
The grantor warrants that the proceeds of the loan represented by the above described note and this trust deed are:

    (a) for an organization, or (even if grantor is a natural person) are for business, or commercial purposes.
This deed applies to, inures to the benefit of and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, personal representatives, successors, and assigns. The term beneficiary shall mean the holder and owner, including pledgee, of the contract secured hereby, whether or not named as a beneficiary herein. In construing this Trust Deed, it is understood that the Grantor or Beneficiary may be more than one person; that if the context so requires, the singular shall be taken to mean and include the plural and that generally all grammatical changes shall be made, assumed and implied to make the provision hereof apply equally to corporations and to individuals.

BY SIGNING BELOW, Grantor accepts and agrees to the terms and covenants contained in this Security Instrument and in any addendum recorded with it.

GRANTOR:

Executed this ___//___ day of October, 2012.

_____

Mark Taylor

State of Oregon

County of Clackamas

OFFICIAL SEAL
ROSALIN NICOLE BROOKE
NOTARY PUBLIC-OREGON
COMMISSION NO. 439482
MY COMMISSION EXPIRES MAY 21, 2013

The forgoing instrument was acknowledged before me on the __11__ day of October, 2012 by Mark Taylor.

_____

Notary in and for the State of Oregon

My commission expires 5.21.13

OR Trust Deed-Acceleration Clause

**REQUEST FOR RECONVEYANCE**

TO TRUSTEE:

   The undersigned is the holder of the note or notes secured by this Trust Deed. Said note or notes, together with all other indebtedness secured by this Trust Deed, have been paid in full. You are hereby directed to cancel said note or notes and this Trust Deed, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Trust Deed to the person or persons legally entitled thereto.

BENEFICIARY:

_____          DATE: _____

OR Trust Deed-Acceleration Clause

| File No. 12002199 | Clackamas County Official Records Sherry Hall, County Clerk | **2014-030142** |

| **Grantor** | |||
| Mark Taylor | ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ | $58.00 |
| | 01774870201400301420020021 | |
| | | 06/23/2014 11:09:11 AM |

| **Grantee** | D-D        Cnt=1  Stn=8  COUNTER1 |
| Mark Ehl | $10.00 $10.00 $16.00 $22.00 |

**After recording return to**

Mark Ehl
10110 SW BARNES ROAD # 300
PORTLAND OR 97225

**Until requested, all tax statements shall be sent to**

Mark Ehl
10110 SW BARNES ROAD # 300
PORTLAND OR 97225

Tax Acct No(s): 00040878

Reserved for Recorder's Use

## STATUTORY BARGAIN AND SALE DEED

Mark Taylor,, Grantor, conveys to Mark Ehl, Grantee, the following described real property:

Parcel 1, PARTITION PLAT NO. 1993-86, in the City of Happy Valley, County of Clackamas and State of Oregon. TOGETHER WITH that 20.00 foot wide ingress and egree easement delineated on said partition plat.

The true consideration for this conveyance is 0.00/NO CONSIDERATION. (Here comply with requirements of ORS 93.030.)

BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON TRANSFERRING FEE TITLE SHOULD INQUIRE ABOUT THE PERSON'S RIGHTS, IF ANY, UNDER ORS 195.300, 195.301 AND 195.336 AND SECTIONS 5 TO 11, CHAPTER 424, OREGON LAWS 2007, SECTIONS 2 TO 9 AND 17, CHAPTER 855, OREGON LAWS 2009 AND SECTIONS 2 TO 7, CHAPTER 8, OREGON LAWS 2010. THIS INSTRUMENT DOES NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS. BEFOR SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY THAT THE UNIT OF LAND BEING TRANSFERRED IS A LAWFULLY ESTABLISHED LOT OR PARCEL, AS DEFINED IN ORS 92.010 OE 215.010, TO VERIFY APPROVED USES OF THE LOT OR PARCEL, TO DETERMINE ANY LIMITS ON LAWSUITS AGAINST FARMING OR FOREST PRACTICES, AS DEFINED IN ORS 30.930, AND TO INQUIRE ABOUT THE RIGHTS OF NEIGHBORING PROPERTY OWNERS, IF ANY, UNDER ORS195.300, 195.301 AND 195.305 TO 195.336 AND SECTIONS 5 TO 11, CHAPTER 424, OREGON LAWS 2007, SECTIONS 2 TO 9 AND 17, CHAPTER 855, OREGON LAWS 2009 AND SECTIONS 2 TO 7, CHAPTER 8, OREGON LAWS 2010.

OR Deed-Bargain &Sale

EXHIBIT C
1 of 2

Executed this __11__ day of October, 2012.

_Mark Taylor_ (signature)

Mark Taylor

State of **Oregon**, County of **Clackamas** ) ss.

This Instrument was acknowledged before me on this __11th__ day of October, 2012 by Mark Taylor.

_Notary signature_

Notary Public for Oregon

My commission expires: __5 21 13__

OFFICIAL SEAL
ROSALIN NICOLE BROOKE
NOTARY PUBLIC-OREGON
COMMISSION NO. 439482
MY COMMISSION EXPIRES MAY 21, 2013

OR Deed-Bargain &Sale

EXHIBIT C
2 of 2